NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12766


HELLEN KIAGO-WILSON  vs.  COMMONWEALTH.


November 12, 2019.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Criminal, Sentence.


     Hellen Kiago-Wilson appeals from a judgment of the county
court denying her petition for relief under G. L. c. 211, § 3.
After a jury trial in the Superior Court, she was convicted of
making false Medicaid claims and of larceny by false pretenses
and was sentenced to a term of incarceration.  Before
sentencing, Kiago-Wilson, stating that she was the primary
caretaker of a dependent child, filed a motion requesting that
the judge consider the provisions of G. L. c. 279, § 6B.[1]  In her
petition under G. L. c. 211, § 3, she argued that the judge
violated § 6B by sentencing her to a term of incarceration
without making the necessary findings, and she requested that

_____

     [1] General Laws c. 279, § 6B, provides in relevant part:

     "Unless a sentence of incarceration is required by law, the
     court may, upon conviction, consider the defendant's status
     as a primary caretaker of a dependent child before imposing
     a sentence.  A defendant may request such consideration, by
     motion supported by an affidavit, not more than [ten] days
     after the entry of judgment.  Upon receipt of such a motion
     supported by an affidavit, the court shall make written
     findings concerning the defendant's status as a primary
     caretaker of a dependent child and alternatives to
     incarceration.  If such a motion has been filed, the court
     shall not impose a sentence of incarceration without first
     making such written findings."

she be released immediately.  A single justice of this court denied relief on the ground that Kiago-Wilson had an adequate alternative remedy.  We affirm.

Kiago-Wilson has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  That rule does not apply, as Kiago-Wilson is not challenging an interlocutory ruling.  Rather, she is challenging her sentence, which is part of the final judgment of the trial court.  Nonetheless, it is clear on the record that she has a remedy in the ordinary appellate process, as she can raise her claims under G. L. c. 279, § 6B, on direct appeal from her convictions.  Moreover, although it appears that Kiago-Wilson unsuccessfully moved for a stay of her sentence in the Superior Court, it does not appear on the record that she has sought a stay of execution of sentence (or any other type of relief) from a single justice of the Appeals Court, the court in which her direct appeal will be entered.  See Mass. R. A. P. 6 (b), as appearing in 454 Mass. 1601 (2009); Mass. R. Crim. P. 31 (a), as appearing in 454 Mass. 1501 (2009).  Where she had these ordinary means to challenge her sentence and, if warranted, to be released pending appeal, the single justice did not err or abuse her discretion by denying extraordinary relief.

_Judgment affirmed_.

The case was submitted on the papers filed, accompanied by a memorandum of law.

S. James Boumil, Jr., for the petitioner.